IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| | § | CRIMINAL NO. H-08-328-22 |
| V. | § | |
| | § | |
| ALMA GIL A/K/A ALMA ANCIRA | § | |

ORDER OF DETENTION PENDING TRIAL

In accordance with the Bail Reform Act, 18 U.S.C. § 3142(f), a detention hearing has been held. I conclude that the following facts are established by a preponderance of the evidence or clear and convincing evidence and require the detention of the above-named defendant pending trial in this case.

Findings of Fact

[ ]   A.  Findings of Fact [18 U.S.C. § 3142(e), § 3142(f)(1)].

  [ ] (1)  The defendant has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

    [ ]  a crime of violence as defined in 18 U.S.C. § 3156(a)(4).

    [ ]  an offense for which the maximum sentence is life imprisonment or death.

    [ ]  an offense for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. ( ) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

    [ ]  a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C. § 3142(f)(1) (A)-(C), or comparable state or local offenses.

  [ ] (2)  The offense described in finding 1 was committed while the defendant was on release pending trial for a federal, state or local offense.

  [ ] (3)  A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding 1.

  [ ] (4)  Findings Nos. 1, 2, and 3 establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of any other person and the community. I further find that the defendant has not rebutted this presumption.

[X]    B.        Findings of Fact [18 U.S.C. § 3142(e)]

        [X] (1)       There is probable cause to believe that the defendant has committed an offense

                [X]  for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C.
                      (X) § 801 et seq. ( ) § 951 et seq. ( ) § 955(a).

                [ ]  under 18 U.S.C. § 924(c).

        [X] (2)       The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the appearance of the defendant as required and the safety of the community.

[X]    C.        Findings of Fact [18 U.S.C. § 3142(f)(2)]

        [X] (1) Defendant is accused of money laundering in violation of 18 U.S.C. § 1956.

        [X] (2)  There is a serious risk that the defendant will flee.

        [ ] (3) Defendant represents a danger to the community.

        [ ] (4)       There is a serious risk that the defendant will (obstruct or attempt to obstruct justice) (threaten, injure, or intimidate a prospective witness or juror, or attempt to do so).

[X]    D.        Findings of Fact [18 U.S.C. § 3142(c)]

        [ ] (1)  As a condition of release of the defendant, bond was set as follows:

        [ ] (2)

        [X] (3)  I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the appearance of the defendant as required.

        [] (4)  I find that there is no condition or combination of conditions set forth in 18 U.S.C. § 3142(c) which will reasonably assure the safety of any other person or the community.

<u>Written Statement of Reasons for Detention</u>

        I find that the information from the hearing and in the indictment and the Pretrial Services Agency report establishes by a preponderance of the evidence that no condition or combination of conditions will reasonably assure the appearance of the defendant as required.

        I conclude that the following factors specified in 18 U.S.C. § 3142(g) are present and are to

be taken into account:

1. Defendant is a 37 year old United States citizen born in Laredo, Texas. She is married to co-defendant Pedro Gil III, with whom she has 4 children ages 7, 9, 13, and 15. Her mother, also a co-defendant, and siblings reside in Texas. She and her husband own and manage a car wash in Laredo.

2. Defendant and her husband own substantial property, including a home appraised at $290,120 and another appraised at $582,780. Defendant also owns an apartment complex appraised at $265,610 and a commercial lot appraised at $265,720. Twelve cars are registered in their names. Defendant refused to discuss her finances with pre-trial services. Bank records and credit card receipts document a recent lifestyle of extravagant purchases and trips in stark contrast to the modest income reported to the IRS.

3. Defendant has substantial family ties to Mexico. Her mother was born there and her grandmother and many relatives reside there. She has significant financial resources which would enable her to travel there.

4. Defendant's conduct at the time of her husband's arrest suggests possible preparation to flee. She contacted a relative at 3 a.m. the next morning saying she might need a place to stay and asking if there were a house she could use. Subsequently, four carry-on bags containing over $4.5 million in U.S. currency were seized from residences tied to this defendant.

5. Defendant is charged with money laundering in violation of 18 U.S.C. § 1956. She faces a potential penalty of up to 20 years in prison. There is substantial evidence of this defendant's knowing involvement in managing the finances of a criminal enterprise.

6. Defendant has not rebutted the statutory presumptions that she is a flight risk.

7. There is no condition or combination of conditions of release which would assure the appearance of the defendant in court. Detention is ordered.

Directions Regarding Detention

It is therefore ORDERED that the defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States Marshal for the purpose of an appearance in connection with all court proceedings.

Signed at Houston, Texas, on June 17, 2008.

*[signature]*
Stephen Wm Smith
United States Magistrate Judge